```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
SAMIR CHARWA,                                               :
                                                            :
                            Plaintiff,                      :
                                                            :   MEMORANDUM
            - against -                                     :   DECISION AND ORDER
                                                            :
RACHEL T. ROSADO and UNITED STATES                          :   18-cv-6188 (BMC)
POSTAL SERVICE,                                             :
                                                            :
                            Defendants.                     :
                                                            :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff brought this action for personal injuries arising from an automobile accident involving plaintiff, defendant Rachel Rosado and her employer, defendant U.S. Postal Service. USPS brings this unopposed motion to dismiss the action under Federal Rule of Civil Procedure 41(b). For the reasons stated below, this motion is granted.

### BACKGROUND

On November 2, 2018, plaintiff brought this action under the Federal Tort Claims Act against Rosado and USPS for personal injury claims arising from a car accident. USPS served plaintiff's counsel with interrogatories and document requests on December 18, but – other than medical releases that plaintiff provided ten days later – plaintiff had not responded as of February 22, 2019.

On February 22, USPS moved to compel plaintiff to respond to the interrogatories and document requests. I scheduled a hearing on the motion six days later, and plaintiff responded to the interrogatories on the day of the hearing. At the hearing, I initially imposed a sanction on plaintiff's counsel for his lack of cooperation in discovery, but vacated the order based on

counsel's representation that he would take steps to see that his client would meet his obligations going forward.

On March 27, plaintiff's counsel filed a letter with the Court indicating that he had been unable to reach his client or confirm that his client would appear for a scheduled deposition the next day. The Court directed plaintiff's counsel to immediately advise his client that if plaintiff did not appear for his deposition, then he would have to post a $1,500 cost bond (see Local Rule 54.2), failing which the case would be dismissed. USPS advised me that plaintiff then appeared for his deposition.

On May 3, the parties filed a joint letter indicating that plaintiff failed to appear for a scheduled independent medical examination. On the same day, I sanctioned plaintiff $650 as the doctor's no-show fee, to be paid to USPS by May 10, and $350 for disregarding court orders, to be paid to the Clerk of the Court by May 10. I directed plaintiff to file proof of payment on the docket.

Plaintiff did not file proof of payment. On May 17, USPS moved to dismiss this action under Federal Rule of Civil Procedure 41(b). According to this motion, plaintiff's counsel advised plaintiff to pay the sanctions, but plaintiff failed to do so.[1]

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Courts consider the following factors in determining whether to dismiss under Rule 41(b): (1) the duration of plaintiff's failure to comply with a court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the

---

[1] It is typical in personal injury cases for plaintiff's counsel to advance costs against an ultimate settlement. Plaintiff's counsel may not have any more confidence in his client's desire to prosecute this action than I do.

defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Spencer v. Doe, 139 F.3d 107, 112–13 (2d Cir. 1998). A "Rule 41(b) dismissal is determined in light of the record as a whole" and "no factor is dispositive." Id.

Here, all of the aforementioned factors counsel in favor of dismissal. Plaintiff has not paid either sanction I imposed on May 3, even though payment was due by May 10. The motion to dismiss provided plaintiff with notice that a failure to pay the sanctions, or otherwise respond to the motion to dismiss, might result in the dismissal of his case.

Defendants are likely to be prejudiced by any further delay. Plaintiff's failure to pay the sanction has deprived the Government of the $650 in doctors' fees, and plaintiff's failure to cooperate in discovery has delayed the resolution of the case, wasted the time of defendants (and the Court), imposed costs on defendants associated with rescheduling plaintiff's independent medical exam, and led to the further deterioration of the recollection of any witnesses.

Although plaintiff has an interest in an opportunity to be heard, plaintiff has already had – but has not fully utilized – his opportunity. His repeated failure to cooperate with defendants on routine discovery matters has led to judicial intervention on multiple occasions, wasting time and diverting the Court's attention away from other matters. Thus, balancing plaintiff's interest in an opportunity to be heard against the Court's interest in managing its docket further counsels in favor of dismissal.

I have not only considered but also imposed lesser sanctions than dismissal on plaintiff. None of these progressively harsher sanctions have been sufficient to incentivize plaintiff to properly participate in the prosecution of his own case.

Finally, plaintiff has not opposed the motion to dismiss. Regardless of whether plaintiff's lack of response is a sign that he consents to the dismissal of his action, or that he has neglected yet another deadline, there is no basis for concluding that plaintiff will take a more active role in prosecuting this case if I were to allow it to proceed.

## CONCLUSION

The motion to dismiss this action is granted. The Clerk shall enter judgment in favor of defendants, dismissing the complaint.

**SO ORDERED.**

                                                                                          U.S.D.J.

Dated: Brooklyn, New York
       June 4, 2019